**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EARTH ISLAND INSTITUTE<br>David Brower Center<br>2150 Allston Way, Suite 460<br>Berkeley, CA 94704<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT<br>OF THE INTERIOR,<br>1849 C Street NW<br>Washington, DC 20240<br><br>   Defendant. | Case No. 1:19-cv-39 |

## COMPLAINT

1. Plaintiff Earth Island Institute ("EII") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the United States Department of the Interior ("DOI") to disclose records related to the development process for the 2019-2024 National Outer Continental Shelf Oil and Gas Leasing Program.

2. The National Outer Continental Shelf ("OCS") Program establishes a schedule of oil and gas lease sales for the twenty-six planning areas of the OCS. The Program specifies the size, timing, and location of potential leasing activity. Together, the OCS planning areas encompass approximately 1.7 billion acres of submerged lands, subsoil, and seabed.

3. DOI's Bureau of Ocean Energy Management ("BOEM") released the 2019-2024 National Outer Continental Shelf Oil and Gas Leasing Draft Proposed Program (the "Proposed Program") on January 4, 2018. The Proposed Program would expand the schedule of existing

1

lease sales from eleven leases to forty-seven leases. Moreover, under the existing program, only four planning areas are open to leasing. The Proposed Program would open twenty-five of the twenty-six planning areas to leasing.

4. The public has a pressing interest in the government's process for developing the 2019-2024 National OCS Program. The Proposed Program would dramatically increase the areas of the OCS that would be available for offshore oil and gas development. DOI's failure to release responsive records violates FOIA. It also deprives the public of critical information regarding the efficacy of DOI's public outreach, DOI's responsiveness to public input, and any improper influence by third parties on the Office of the Secretary during the program development process.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## THE PARTIES

7. Plaintiff EII is a nonprofit, public interest, membership organization headquartered in Berkeley, California. Through scientific research, publications, educational programs and events, and advocacy, EII and its International Marine Mammal Project ("IMMP") engage in efforts to protect marine ecosystems and marine life. Collectively, these entities inform the public on matters affecting oceans and marine life. For example, EII and IMMP maintain a website with news and blogs that provide timely information on the welfare and status of marine mammals and the oceans. They also send mail and email updates to their supporters.

8.      Defendant DOI is a federal agency within the meaning of 5 U.S.C. §§ 551(1), 552(f)(1). Plaintiff EII submitted the FOIA request underlying this Complaint to DOI's Office of the Secretary. DOI has possession, custody, and control of the records that EII seeks.

## STATUTORY AND REGULATORY FRAMEWORK

9.      FOIA generally requires agencies to respond to FOIA requests within twenty working days. 5 U.S.C. § 552(a)(6)(A)(i). The agency must "determine . . . whether to comply" with the request and "immediately notify" the requester of "such determination and the reasons therefor." *Id.* § 552(a)(6)(A)(i)(I). If the agency determines that it will comply with the request, it must "promptly" produce responsive records. *Id.* § 552(a)(6)(C)(i). If the agency makes an adverse determination, it must inform the requester of the right to appeal that determination to the head of the agency. *Id.* § 552(a)(6)(A)(i)(III).

10.     In "unusual circumstances," an agency may extend the twenty-workday-time limit for responding to a FOIA request by up to ten working days. *Id.* § 552(a)(6)(B)(i); 43 C.F.R. § 2.19. In such circumstances, the agency shall notify the requester if it cannot process the request within the extended time period and provide the requester an opportunity to narrow the request or arrange an alternative time frame for processing the request. 5 U.S.C. § 552(a)(6)(B)(ii).

11.     If an agency fails to comply with the statutory deadline, the requester is deemed to have exhausted administrative remedies and may immediately seek judicial relief. *Id.* § 552(a)(6)(C)(i).

## FACTUAL BACKGROUND

12.     Between January and March 2018, BOEM held twenty-three public meetings across the country to solicit comments on the Proposed Program.

13.     On February 8, 2018, EII attended BOEM's public meeting in Sacramento, CA.

14. On March 9, 2018, EII submitted written comments to BOEM regarding the Proposed Program.

15. On March 14, 2018, EII submitted a FOIA request to the DOI Office of the Secretary ("OS") via DOI's FOIA request web portal. EII requested any documents that contain information related to the twenty-three public meetings. Ex. A at 1. EII also requested any documents that contain information related to any other meetings regarding the Proposed Program between third parties and any individuals in OS. *Id.* Finally, EII asked for a public interest fee waiver. *Id.* at 2. That same day, EII received an automatic email from DOI confirming that EII had submitted a FOIA request.

16. More than twenty working days passed without a reply from DOI. EII formally and informally communicated with DOI several times about its failure to process and respond to EII's request.

17. On April 24, 2018, EII sent DOI a letter stating that DOI had missed FOIA's twenty-workday-time limit for responding to EII's request. EII stated in the letter that, although it now had the right to sue DOI under FOIA, it would prefer to engage in a cooperative approach. In the letter, EII offered to assist in any way possible to facilitate the prompt release of the requested documents. EII specifically offered to redefine or clarify its request or to answer any questions.

18. DOI did not reply until May 24, 2018—fifty-one working days after it received EII's FOIA request and twenty-two days after EII's follow-up letter. In its reply letter, DOI acknowledged that it had received EII's FOIA request on March 14, 2018, assigned the request control number OS-2018-00865, and stated that it was taking a ten-workday extension under 43 C.F.R. § 2.19. DOI did not accept EII's offer to redefine or clarify the request. It also provided no further information about when it would respond to EII's request.

19. On June 26, 2018, EII's general counsel called the FOIA contact that DOI supplied to inquire about the status of EII's request and to ask whether DOI could provide rolling releases of responsive records. The FOIA contact stated that DOI would not assess fees because it is behind in responding to FOIA requests. In a follow-up email, the FOIA contact confirmed that DOI would not assess fees and denied EII's request for rolling releases. DOI again provided no information about when EII could expect a response.

20. On August 15, 2018, EII sent a second letter notifying DOI that DOI had missed the statutory deadline. In its letter, EII again offered to assist in any way to facilitate the prompt release of the requested documents.

21. On August 22, 2018, DOI replied via email that it had not even begun to process EII's request. DOI further stated that it could not give EII a timeline for a response. DOI again did not accept EII's offer to redefine or clarify the request.

22. On October 26, 2018—158 working days after DOI received EII's FOIA request—EII sent a third letter notifying DOI that DOI had missed the statutory deadline. EII also stated that, although it was prepared to file a lawsuit under FOIA to compel a response to its request, it still would prefer to work with DOI to resolve the situation. EII asked DOI to provide (1) a partial release of responsive records and (2) a timeline for rolling releases of all remaining records responsive to EII's entire request by November 26, 2018. EII also offered to discuss alternatives to what it proposed in the third letter. DOI did not meet EII's deadline or propose any alternative schedule for the release of responsive records.

23. DOI failed to respond to EII's FOIA request within twenty working days.

24. Even if DOI properly invoked a ten-working-day extension under 43 C.F.R. § 2.19, it also failed to respond to EII's FOIA request within the ten additional working days provided by that extension.

25.     As of the date of this complaint—over 200 working days after EII submitted its FOIA request—DOI has failed to issue a determination about whether it will comply with EII's request and has failed to release any of the requested records.

## CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552

26.     Plaintiff EII incorporates by reference all preceding paragraphs.

27.     EII has a statutory right to immediately obtain all records responsive to its request that are not exempt from disclosure.

28.     Defendant DOI has violated its statutory duty under FOIA to respond to a FOIA request with a determination within twenty working days. 5 U.S.C. § 552(a)(6)(A).

29.     DOI has violated its statutory duty under FOIA to make a reasonable effort to search for responsive records. *Id.* § 552(a)(3)(C).

30.     DOI has violated FOIA by improperly withholding all non-exempt, responsive records. *Id.* § 552(a)(3)(A).

31.     Because DOI failed to comply with FOIA's statutory deadline, EII is deemed to have exhausted its administrative remedies and may immediately seek judicial relief. *Id.* § 552(a)(6)(C)(i).

## REQUEST FOR RELIEF

WHEREFORE, EII respectfully requests that this Court:

A.      Declare that DOI has violated FOIA by failing to provide a final determination as to whether it will comply with EII's FOIA request by the statutory deadline and by failing to produce non-exempt records responsive to EII's FOIA request;

B.      Order DOI to complete, by a date certain, a search or searches reasonably calculated to uncover all records responsive to EII's FOIA request;

    C.    Order DOI to disclose to EII, by a date certain, the requested records and all non-exempt portions that are reasonably segregable;

    D.    Order DOI to search for and disclose the requested records to EII without charging any fees, as DOI indicated it would do in its June 26, 2018 email to EII;

    E.    Order DOI, to produce, by a date certain, an index identifying any records or parts thereof that it withholds and the basis for the withholding, if DOI determines that certain responsive records are exempt from disclosure;

    F.    Retain jurisdiction over this case to enforce any court-ordered compliance schedule and to rule on any assertion by DOI that certain responsive records are exempt from disclosure;

    G.    Award EII its costs and reasonable attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

    H.    Grant EII such other relief that the Court deems just and proper.

Dated: January 8, 2019

Respectfully submitted,

*/s/ Hope M. Babcock*
Hope M. Babcock (D.C. Bar No. 14639)
Institute for Public Representation
Georgetown University Law Center
600 New Jersey Avenue, NW
Washington, DC 20001
(202) 662-9535
hope.babcock@law.georgetown.edu

*Counsel for Plaintiff*